IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAVAGE SERVICES CORPORATION, )
*et al.*, )
     )
    **Plaintiffs,** )
     )
v. )    CIV. ACT. NO.  1:20-cv-137-TFM-N
     )
UNITED STATES OF AMERICA, )
     )
    **Defendant.** )

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiffs' Motion to Preclude Michael Berry from Offering Expert Opinions into Evidence (Doc. 121, filed 12/28/21). Plaintiffs, pursuant to Federal Rule of Evidence 702, move the Court to preclude the expert opinions Michael Berry ("Berry"), an expert retained by Defendant, from being offered into evidence. *See* Doc. 121. Defendant filed its reply, and Plaintiffs filed their response. Docs. 127, 139. The Court heard oral arguments on the motion on December 13, 2022. After reviewing the motion, response, reply, the relevant law, and receiving oral arguments from the parties, the Court finds that Plaintiffs' motion is due to be **DENIED**.

Federal Rule of Evidence 702 provides that "a witness qualified as an expert by knowledge, skill, experience, training or education" may offer opinions related to his expertise if his opinions are sufficiently reliable and relevant to the case. FED. R. EVID. 702. Expert testimony may be admitted into evidence only if the expert is qualified to testify competently regarding the matters he intends to address. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S. Ct. 2786, 2795, 125 L. Ed. 2d 469 (1993). The Eleventh Circuit has held:

> [e]xpert testimony may be admitted into evidence if (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). "While there is inevitably some overlap among the basic requirements — qualification, reliability, and helpfulness — they remain distinct concepts and the courts must take care not to conflate them." *Rosenfeld v. Oceania Cruises, Inc.*, 654 F.3d 1190, 1193 (11th Cir. 2011) (citation omitted). The district court has "broad discretion in determining whether to admit or exclude expert testimony, and its decision will be disturbed on appeal only if it is manifestly erroneous." *Evans v. Mathis Funeral Home*, 996 F.2d 266, 268 (11th Cir. 1993). Put another way, the decision to admit or exclude expert testimony is within the trial court's discretion and the court enjoys "considerable leeway" when determining the admissibility of this testimony. *See Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005).

Plaintiffs advance two arguments to preclude Berry from offering expert testimony. First, Plaintiffs argue that Berry should be precluded from opining on the operating of locks or the responsibilities of a lock operator because his "experience piloting vessels through locks does not make him an expert in operating locks" and therefore "he lacks the requisite qualifications to offer opinions on Bobby Pharr's job performance into evidence." Doc. 121-1 at 6. Defendant counters that Berry is qualified to offer such an opinion due to his "more than eighteen years of maritime education, knowledge, experience, training, and accumulated skills as an inland water towboat mariner . . .." Doc. 127 at 6. Defendant further notes that Berry has worked on towboats as both a deckhand and a captain, is a U.S. Coast Guard licensed Master of Towing Vessels, and has

transited numerous locks hundreds of times—including the Jamie Whitten Lock at issue in this case—as both a pilot and a deckhand. *Id.*

An expert is "not necessarily unqualified simply because [his] experience does not precisely match the matter at hand." *Furmanite Am., Inc. v. T.D. Williamson, Inc.*, 506 F. Supp. 2d 1126, 1129 (M.D. Fla. 2007) (citing *Maiz v. Virani*, 253 F.3d 641, 665 (11th Cir. 2001)). "The qualification standard for expert testimony is not stringent, and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility." *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (citations and internal quotations omitted). Given his extensive experience transiting locks as both a pilot and a deckhand, is clear that Berry possesses the appropriate professional background and is at least minimally qualified to provide expert testimony regarding the operating of locks and the responsibilities of a lock operator from the perspective of a crew member, where his expertise lies.

Second, Plaintiffs argue that Berry should be precluded "from offering an opinion about the slack in Savage's lines because his methodology for forming that opinion is unreliable." Doc. 121-1 at 4. Specifically, Plaintiffs argue that, because Berry testified that he "doesn't understand" how the accident could happen but for slack in the line, his "'methodology' in forming his opinion was therefore to mentally foreclose the possibility that anything other than Savage's negligence caused the Accident because he couldn't personally imagine any other cause." *Id.* at 8. Plaintiffs assert that there is no evidence that there was slack in Savage's lines and that a plausible alternative cause of the accident is unavoidable play in the line. *Id.* Defendant counters that Berry arrived at his opinion regarding slack in the line "by a process of elimination given the available information

and that which cannot be known, except by inference." Doc. 127 at 7.  Defendants provide a list of the facts and data on which Berry bases his conclusion, which includes:

1. Site visit to the Jamie Whitten Lock, once during the day and once at night;
2. Jamie Whitten Lock & Dam Lock Operations / Maintenance Manual;
3. Planning and design of Navigation Locks Manual;
4. Blueprints and Diagram of the Jamie Whitten Lock & Dam;
5. Hydraulic design of navigation locks manual;
6. Lock operator training manual;
7. Savage Marine Towing Safety Management System;
8. U.S. Coast Guard 2692 incident report;
9. Incident / witness statements: Capt. Dalton Ellis, Tankerman Hunter Middleton, Deckhand Caleb Beasley, Jamie Whitten Lock Operator, Bobbie Pharr;
10. Photographs of the Savage Marine;
11. Photographs from the U.S. Department of Justice;
12. U.S. Department of Justice initial disclosures;
13. Report of Captain William M. Beacom, NAV-CON Services;
14. M/V Savage Voyager JSA;
15. M/V Savage Voyager safety manual;
16. Specifications of the M/V Savage Voyager; and
17. Specifications of the tank barge PBL 3422.

*Id.*  Defendants further note that the information regarding the integrity and condition of the lines cannot be unknown because the lines were not preserved, but, assuming they were sound, "Capt. Berry's explanation offers the most persuasive reason for the casualty . . .." *Id.* at 8.

The Advisory Committee has indicated that it is appropriate for an expert to make inferences when providing expert testimony.  *See* FED. R. EVID. 702 advisory committee's note ("It will continue to be permissible for the experts to take the further step of suggesting the inference which should be drawn from applying the specialized knowledge to the facts.").  In short, the reliability and relevance inquiry established by *Daubert* is not intended to "supplant the adversarial system," meaning that "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*,

326 F.3d 1333, 1341 (11th Cir. 2003) (citing *Daubert*, 509 U.S. at 596, 113 S. Ct. at 2798) (internal quotation and citation omitted).

Certainly, by reviewing all available facts and information and using his knowledge, experience, and training related to transiting locks to make inferences, Berry's methodology appears to be sufficiently reliable. Plaintiffs' concerns are related to the weight of the evidence rather than admissibility, and therefore may be appropriately addressed via cross-examination.

Finally, the case at hand is a bench trial, thus there is no risk that the testimony will confuse a jury because the Court itself is the factfinder. In such situations, courts have found that the traditional Daubert analysis may be somewhat relaxed. *See, e.g., United States v. Brown*, 415 F.3d 1257, 1268-69 (11th Cir. 2005) ("Those barriers are even more relaxed in a bench trial situation, where the judge is serving as factfinder and we are not concerned about dumping a barrage of questionable scientific evidence on a jury. . . . There is less need for the gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself.") (citations and internal quotation marks omitted); *see also United States v. Wood*, 741 F.3d 417, 425 (4th Cir. 2013) ("[B]ecause the district court was also the trier of facts, the district court's evidentiary gatekeeping function was relaxed, and the district court was in the best position to decide the proper weight to give the expert opinions."); *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006) ("[W]here the factfinder and the gatekeeper are the same, the court does not err in admitting the evidence subject to the ability later to exclude it or disregard it if it turns out not to meet the standard of reliability established by Rule 702."); *Bobo v. TVA*, 885 F.3d 1294 (11th Cir. 2017) (quoting *Brown* and stating same); *Braggs v. Dunn*, Civ. Act. No. 2:14-cv-601-MHT, 2017 WL 2984312, *3, 2017 U.S. Dist. LEXIS 108548, *17 (M.D. Ala. Jul. 13, 2017) ("[T]he Daubert barriers to admissibility are more relaxed in a bench trial, 'where the judge is serving as factfinder,' and the court need not be 'concerned about

dumping a barrage of questionable scientific evidence on a jury.'") (quoting *Brown*); *M.D. v. Abbott*, 152 F. Supp. 3d 684, 709 (S.D. Tex. 2015) (citing *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000)) ("The safeguards outlined in Daubert are less essential in a bench trial," because a judge need not gatekeep for himself/herself.). Therefore, the need to exclude or allow such testimony prior to hearing the testimony at trial is lessened.

In conclusion, upon consideration of the motion and "consistent with the liberal thrust of the Federal Rules of Evidence and their general approach of relaxing the traditional barriers to opinion testimony," the Court concludes at this stage that the concerns Plaintiffs raise with regard to the proffered expert testimony goes to the weight of the testimony, not to its admissibility. *See Brown*, 415 F.3d at 1268 (quoting *Daubert*, 509 U.S. at 588, 113 S. Ct. at 2794). "Questions about the weight given to testimony, as distinguished from the issue of its admissibility, are for the factfinder." *Id*. at 1270 (citing *United States v. Hernandez*, 141 F.3d 1042, 1052 (11th Cir. 1998)).

Accordingly, Plaintiffs' Motion to Preclude Michael Berry from Offering Expert Opinions into Evidence (Doc. 121) is **DENIED**.

**DONE** and **ORDERED** this 10th day of January, 2023.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE